UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CAIN COLLINS,

                              Plaintiff,

                v.

NYPD OFFICER KENNETH SEPULVEDA,
NYPD OFFICER JOHN DOES 1-5,

                              Defendants.

ECF CASE

Case No. 14-CV-6441 (    ) (    )

**COMPLAINT**

**JURY TRIAL DEMANDED**

        COMES NOW THE PLAINTIFF, Cain Collins, by his attorney, Steven M. Warshawsky, for his complaint against the defendants and alleging as follows:

**NATURE OF THE CASE**

        1.      This is a civil rights action under 42 U.S.C. § 1983 arising from the plaintiff's arrest on June 28, 2014, by officers of the New York City Police Department.  These officers subjected the plaintiff to false arrest, false imprisonment, and other abuses of police authority, without reasonable suspicion, probable cause, arguable probable cause, or other legal justification.  The plaintiff is entitled to compensatory damages for the harms he has suffered as a result of the defendants' unlawful actions, punitive damages to punish and deter the defendants from engaging in similar unlawful actions in the future, attorney's fees and costs, and all available legal and equitable relief.  The plaintiff demands trial by jury.

**PARTIES**

        2.      Plaintiff **Cain Collins** is a citizen of New York, and resides in Laurelton, New York (Queens County).  Mr. Collins was born in 1994.  He is African-

1

American.    Mr. Collins is a high school graduate and takes college classes. Mr. Collins has no prior arrests and has never been convicted of any crimes.

3.    Defendant **NYPD Officer Kenneth Sepulveda** (Tax No. 947482) is an employee of the New York City Police Department.  Upon information and belief, his place of business is the NYPD 113th Precinct located at 167-02 Baisley Boulevard, Jamaica, New York, 11434; (718) 712-7733.  Officer Sepulveda personally participated in the unlawful conduct alleged herein.  At all relevant times, Officer Sepulveda was acting under color of state law and in the scope of his employment with the NYPD.  Officer Sepulveda is being sued in his individual capacity under 42 U.S.C. § 1983.

4.    Defendant **NYPD Officer John Does 1-5** (Tax Nos. and Shield Nos. unknown) are employees of the New York City Police Department. Upon information and belief, their place of business is the NYPD 113th Precinct located at 167-02 Baisley Boulevard, Jamaica, New York, 11434; (718) 712-7733.  Officer John Does 1-5 personally participated in the unlawful conduct alleged herein.  At all relevant times, Officer John Does 1-5 were acting under color of state law and in the scope of their employment with the NYPD.  Officer John Does 1-5 are being sued in their individual capacity under 42 U.S.C. § 1983.

<u>**JURISDICTION AND VENUE**</u>

5.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

6.     This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

7.     There are no administrative exhaustion requirements for bringing the present civil rights action under 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

8.     The events in this case took place on June 28, 2014, around 9:45 p.m., on a public sidewalk near the intersection of Bedell Street and 130th Avenue in Queens, New York.

9.     Mr. Collins was waiting with three friends (Isaiah, Tyler, and Darrion) at a bus stop located near that intersection.  He was waiting to take the bus to his home in Laurelton, New York.  No other persons were waiting at the bus stop at this time.

10.     Mr. Collins and his friends were dressed in casual clothing appropriate to the season, time of day, and purpose for his journey.  They were not wearing any "gang" clothing.  Mr. Collins and some of his friends were carrying ordinary book bags and other personal items.

11.     Mr. Collins and his friends were not intoxicated or under the influence of drugs.  They were not conversing in an excessively loud, abusive, or obscene manner.  They were not acting in a violent, tumultuous, or threatening manner. They were not obstructing pedestrian or vehicular traffic.

12.     Without warning, an unmarked police car pulled up next to the bus stop, and Officer Sepulveda and 1-2 other officers exited the car.  Another unmarked police car pulled up seconds later, from which 2-3 additional officers exited.

13.     In a demanding, intimidating tone, the police officers asked Mr. Collins and his friends "what are you guys doing?"   Tyler answered, "just waiting for the bus."

14.     The officers then swarmed Mr. Collins and his friends, forcefully pushing them against the plexiglass walls of the bus stop and subjecting them to aggressive and intrusive searches of their clothing and bags.

15.     There was no reasonable suspicion, probable cause, arguable probable cause, or other legal justification for the police officers' seizing and searching Mr. Collins and his friends.

16.     While the police officers were conducting their illegal searches, Isaiah stated that he had a "BB gun" in his book bag.

17.     Mr. Collins did not know that Isaiah was carrying a BB gun in his book bag.

18.     The BB gun remained inside Isaiah's book bag the entire time that Mr. Collins and his friends were waiting at the bus stop.

19.     It is impossible for the police officers to have seen the BB gun prior to their seizing and searching Isaiah.   Indeed, when Mr. Collins and his friends were being held at the precinct, one of the police officers told them, "you guys are lucky you weren't playing with the gun, otherwise we would have shot all of you."

20.     Based on the BB gun, the police officers arrested not only Isaiah but also Mr. Collins, Tyler, and Darrion.

21.     There was no probable cause, arguable probable cause, or other legal justification for Mr. Collins' arrest.

22.     Mr. Collins and his friends were handcuffed behind their backs and transported in the unmarked police cars to the 113th Precinct.  They arrived at the precinct around 10:00 p.m.

23.     Mr. Collins spent five to six hours in the holding cells at the precinct.

24.     Mr. Collins was transported to central booking in Kew Gardens around 3:00 a.m. or 4:00 a.m.  He remained at central booking for eight to nine hours.  He was arraigned around 1:00 p.m. on June 29, 2014, and released on his own recognizance.

25.     Mr. Collins spent approximately 15 hours in police custody.

26.     Mr. Collins was charged with two offenses:  Firearms, AC 10-131 (B)(1) (making it unlawful to "have in such person's possession any air pistol or air rifle"), and Imitation Pistol, AC 10-131 G (making it unlawful to possess "any toy or imitation pistol or revolver which substantially duplicates an actual pistol or revolver").  Isaiah, Tyler, and Darrion were charged with the same offenses.

27.     The criminal complaint against all four individuals was sworn to by Officer Sepulveda.  Docket No. 2014QN038109.  The only allegation in the complaint that mentions Mr. Collins states that "[Officer Sepulveda] observed the defendant, Isaiah [last name redacted], display a BB gun in front of the defendants, Cain Collins, Tyler [last name redacted] and Darrion [last name redacted]."  (redactions added by counsel to protect the privacy of Mr. Collins' friends)  This was a knowingly false and perjured statement.  As alleged above, the BB gun remained inside Isaiah's book bag the entire time that Mr. Collins and his friends were waiting at the bus stop.

28.     There was no probable cause, arguable probable cause, or other legal justification for charging Mr. Collins with any crimes in connection with this incident.

29.     The Queens County District Attorney voluntarily withdrew both charges against Mr. Collins at his first court appearance on July 31, 2014.  The criminal proceeding against Mr. Collins was dismissed and sealed pursuant to C.P.L. § 160.50.

## COUNT ONE: FALSE ARREST/FALSE IMPRISONMENT

30.     Plaintiff repeats and re-alleges Paragraphs 1-29 above.

31.     The elements of a claim for false arrest/false imprisonment under Section 1983 are:  (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged.

32.     The defendants intended to, and did, confine Mr. Collins.

33.     Mr. Collins was conscious of the confinement.

34.     Mr. Collins did not consent to the confinement.

35.     The confinement was not otherwise privileged.

36.     There was no probable cause, arguable probable cause, or other legal justification for Mr. Collins's arrest and imprisonment by the defendants.

37.     Officer Sepulveda and Officer John Does 1-5 are not entitled to qualified immunity.

38.     The defendants' actions violated Mr. Collins' clearly established rights under the Fourth Amendment.

39.     It was not objectively reasonable for the defendants to believe that their actions did not violate Mr. Collins' rights under the Fourth Amendment.

40.     Officer Sepulveda and Officer John Does 1-5 acted with intentional, knowing, callous, and/or reckless indifference to Mr. Collins' rights under the Fourth Amendment.

41.     As a result of the defendants' unconstitutional conduct, Mr. Collins suffered loss of liberty, insult and embarrassment, physical pain and suffering (from the handcuffing and being confined in uncomfortable and unsanitary cells), emotional pain and suffering, and other compensable injuries, for which he is entitled to an award of compensatory damages.

42.     Mr. Collins is entitled to an award of punitive damages to punish Officer Sepulveda and Officer John Does 1-5 for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

## COUNT TWO: MALICIOUS PROSECUTION

43.     Plaintiff repeats and re-alleges Paragraphs 1-42 above.

44.     The elements of a claim for malicious prosecution under Section 1983 are:  (1) the defendant initiated a criminal prosecution against the plaintiff; (2) the defendant lacked probable cause; (3) the defendant acted with malice; and (4) the prosecution was terminated in the plaintiff's favor.

45.     Officer Sepulveda initiated a criminal prosecution against Mr. Collins.

46.     Officer Sepulveda lacked probable cause to charge Mr. Collins with any criminal offenses.

47.     Officer Sepulveda acted with malice.

48.     The prosecution was terminated in Mr. Collins' favor.

7

49.     Mr. Collins suffered a deprivation of liberty under the Fourth Amendment because he was required to appear in court in connection with the criminal charges.

50.     Officer Sepulveda is not entitled to qualified immunity for maliciously prosecuting Mr. Collins.

51.     Officer Sepulveda's actions violated Mr. Collins' clearly established rights under the Fourth Amendment.

52.     It was not objectively reasonable for Officer Sepulveda to believe that his actions did not violate Mr. Collins' rights.

53.     Officer Sepulveda acted with intentional, knowing, callous, and/or reckless indifference to Mr. Collins' rights.

54.     As a result of the Officer Sepulveda's unconstitutional conduct, Mr. Collins suffered loss of liberty, insult and embarrassment, emotional pain and suffering, and other compensable injuries, for which he is entitled to an award of compensatory damages.

55.     Mr. Collins is entitled to an award of punitive damages to punish Officer Sepulveda for his unconstitutional conduct and to deter him from engaging in similar unconstitutional conduct in the future.


## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, plaintiff Cain Collins hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE the Plaintiff demands judgment against the Defendants for:

A.      Compensatory damages in an amount no less than $250,000;

B.      Punitive damages in an amount no less than $250,000;

C.      Pre-judgment and post-judgment interest;

D.      Attorney's fees, costs, and disbursements; and

E.      All other relief that the Plaintiff may be entitled to under law, or as
        justice may require.


Dated: October 31, 2014
        New York, New York

                                    Respectfully submitted,

                                    *Steven M. Warshawsky*

                        By:        _____
                                    STEVEN M. WARSHAWSKY (SW 5431)
                                    Empire State Building
                                    350 Fifth Avenue, 59th Floor
                                    New York, NY  10118
                                    Tel:  (212) 601-1980
                                    Fax:  (212) 601-2610
                                    Email:  smw@warshawskylawfirm.com
                                    Website:  www.warshawskylawfirm.com